UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE DUPREE BEAVERS,<br><br>            Petitioner,<br><br>    v.<br><br>JEFF KETTERING,<br><br>            Respondent. | Case No. 1:19-cv-00521-JDP (HC)<br><br>ORDER TO SHOW CAUSE WHY COURT SHOULD NOT (1) ABSTAIN FROM EXERCISING JURISDICTION AND (2) DISMISS CASE WITHOUT PREJUDICE<br><br>ECF No. 1<br><br>RESPONSE DUE IN 14 DAYS |

Petitioner Eddie Dupree Beavers, who is on probation, seeks a writ of habeas corpus under 28 U.S.C. § 2254 without the assistance of counsel. ECF No. 1. The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. The petition indicates that petitioner is still challenging his conviction in state court. *See id*. at 5. The court will order petitioner to show cause why the court should not abstain from exercising jurisdiction over this case and dismiss it without prejudice.

Principles of comity and federalism require federal courts to abstain from interfering with pending state proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); 28 U.S.C. § 2283. Federal courts abstain from addressing asserted violations of federal constitutional rights when "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the

1

ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018). When these requirements are met, a district court must dismiss the action and lacks the discretion to do otherwise, absent extraordinary circumstances. *See Cook v. Harding*, 190 F. Supp. 3d 921, 935, 938 (C.D. Cal. 2016), *aff'd*, 879 F.3d 1035 (9th Cir. 2018). Extraordinary circumstances include a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Arevalo*, 882 F.3d at 766.

Conservation of judicial resources, considerations of "wise judicial administration," and interests in avoiding duplicative litigation provide another basis for abstention. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). The Supreme Court in *Colorado River* identified four factors that a federal court may consider in deciding whether to abstain: (1) whether the state court first assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which jurisdiction was obtained by the concurrent forums. *Id*. at 818-19. The Supreme Court later added two more factors: (5) whether federal or state law provides the rule of decision on the merits and (6) whether the state court proceedings are inadequate to protect the federal litigant's rights. *See Moses H. Cone Memorial Hosp. v. Mercury Const. Corp*., 460 U.S. 1, 23 (1983). The Ninth Circuit considers a seventh factor: prevention of forum shopping. *See Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1367-68 (9th Cir. 1990). No single factor is dispositive. *See Colorado River*, 424 U.S. at 818-19.

Here, abstention seems appropriate under both *Younger* and *Colorado River*. As for *Younger* abstention, petitioner is still challenging his conviction in a state habeas proceeding. ECF No. 1 at 5. The state proceeding implicates the important state interest of fair adjudication of criminal charges. The proceeding allows petitioner an adequate opportunity to raise constitutional challenges; we have no reason to conclude otherwise. The requested relief from this court—habeas relief—would have the practical effect of enjoining the state proceeding because the state proceeding would be moot.

Abstention under *Colorado River* seems appropriate as well. If petitioner succeeds in his state-court proceeding, his petition in this case would be moot. This court's decision will be on

the merits. The state proceeding is adequate to protect petitioner's federal rights. Other factors may weigh against abstention, but the critical concern here under *Colorado River*—avoiding duplicative proceedings—appears to weigh heavily in favor of abstention.

In sum, both *Younger* and *Colorado River* seem to counsel in favor of abstention. We will give petitioner an opportunity to explain why this court should not abstain from exercising jurisdiction and dismiss this case without prejudice.[1]

**Order**

Within fourteen days from the date of the service of this order, petitioner must order to show cause why the court should not abstain from exercising jurisdiction and dismiss this case without prejudice.

IT IS SO ORDERED.

Dated: May 6, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 202

---

[1] It appears from the petition that petitioner chose to pursue a federal habeas petition almost three years after his sentencing—when he has almost finished his sentence. Petitioner states that he was sentenced on May 24, 2016, to three years of probation, with nine months in county jail. ECF No. 1 at 1. If petitioner finishes serving his sentence, petitioner must promptly inform the court of that fact, which may render this case moot.

3